UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



*******************************************************************
|                                | * |                    |
| ALAN BERGQUIST, D.C.,          | * | CIV 09-1010        |
|                                | * |                    |
| Plaintiff,                     | * |                    |
|                                | * |                    |
| -vs-                           | * | ORDER AND OPINION  |
|                                | * |                    |
| STATE FARM MUTUAL AUTOMOBILE   | * |                    |
| INSURANCE COMPANY and          | * |                    |
| HARTFORD LIFE AND ACCIDENT     | * |                    |
| INSURANCE COMPANY,             | * |                    |
|                                | * |                    |
| Defendants.                    | * |                    |
|                                | * |                    |

*******************************************************************

There is a pending motion by State Farm (Doc. 29) to order plaintiff to submit to a defense medical examination by Daniel C. Randa, M.D. without the presence of a recording device. There was originally a dispute about plaintiff bringing a third party observer with him to the examination but that dispute has been resolved and the third party observer may attend.

Plaintiff has objected to any further examination of any kind since an earlier medical examination was performed as requested by State Farm. That objection should be overruled. What is being sought now as to a second examination is not burdensome or objectionable.

The plaintiff has pointed out that Dr. Randa has a long history of disagreement with treating doctors about the permanency of injuries and that at least ninety per cent of the medical examinations which Dr. Randa has done are for a defendant. These are

matters for cross examination at trial and do not entitle the plaintiff to avoid the examination.

The plaintiff seeks to tape record only those portions of the examination where Dr. Randa asks questions of the plaintiff. It is essential in any case for an examining physician to obtain a history from the patient. Such an examination could be converted into a *de facto* deposition.

Judges, like juries, are, at least to some extent, products of the experiences in the affairs of life. Prior to taking office in 1995, I was the general counsel for the South Dakota Chiropractors' Association. I served as their lobbyist for more than twenty years before the South Dakota Legislature. I am very familiar with the efforts by the American Medical Association to constrain the practice of Chiropractic. Such efforts resulted in an anti-trust ruling from a federal court in Chicago. While I have no idea what the philosophy of Dr. Randa might be, I do know that, as a result of so many conflicts in years past, Chiropractors have an inherent distrust of M.D.'s, or at least some M.D.'s. This may explain, in part, why the plaintiff Chiropractor wishes to use the recording device.

My experiences as a judge have also taught me the value of recording statements. I have had a long standing dispute with the Federal Bureau of Investigation as to the necessity for recording statements taken from witnesses and potential defendants in criminal cases. Every other law enforcement agency in South Dakota routinely records such statements. The F.B.I. has, only in the Northern Division and the Central Division of the District of South Dakota, adopted a practice of recording some statements at the conclusion of an interview, if requested by the defendant. I have long held the opinion that recorded statements prevent, at least to some extent, juries and judges from having to wonder who said what, in what tone of voice, and under what circumstances. Adjectives, for example, make a great deal of difference in conversation.

In the thirty years I practiced law, I represented a large number of insurance companies and other defendants. In taking a statement from a witness, I would routinely reduce it to writing and send it to the witness, allowing the witness to make any changes desired. Where available, I would tape record statements so that there was no later dispute about what the witness said.

The request of the plaintiff in this case is reasonable and should be ordered in the interest of justice. The motion of State Farm should be denied.

Now, therefore,

IT IS ORDERED, as follows:

1) The objections of the plaintiff to a medical examination and report by Dr. Randa are overruled and the examination shall proceed forthwith.

2) The request of the plaintiff to be allowed to electronically record the questions asked by Dr. Randa and the answers given by the plaintiff is allowed and is ordered. Any objections by State Farm to the contrary are overruled. The motion (Doc. 29) of State Farm is denied.

Dated this 18th day of December, 2009.

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:_____
DEPUTY
(SEAL)