UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
JUL 19 2010

*******************************************************************

| | | |
|---|---|---|
| ALAN BERGQUIST, D.C., | * | CIV 09-1010 |
| | * | |
| Plaintiff, | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| v. | * | |
| | * | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. and HARTFORD LIFE AND ACCIDENT INSURANCE CO., | * | |
| | * | |
| Defendants. | * | |

*******************************************************************

Plaintiff brought suit in state court against defendants to recover long term disability benefits under two separate policies. The matter was removed to federal court. Plaintiff has filed a motion for partial summary judgment against Hartford, contending that there is no genuine issue of material fact that Hartford is not entitled to offset claimed income from what Hartford claims is "work" from benefits due for 2008.

## FACTS

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Donaho v. FMC Corp., 74 F.3d 894, 898 (8th Cir. 1996). "A material fact dispute is genuine if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." Landon v. Northwest Airlines, Inc., 72 F.3d 620, 634 (8th Cir. 1995). In considering the motion for summary judgment, this Court must view the facts in the light most favorable to the non-moving party, Hartford, and give Hartford the benefit of all reasonable inferences that can be drawn from the facts. Donaho, 74 F.3d at 897-98.

> The party seeking summary judgment must first identify grounds demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Such a showing shifts to the non-movant the burden to go beyond

> the pleadings and present affirmative evidence showing that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d (1986). The non-movant "must show there is sufficient evidence to support a jury verdict in [its] favor." *Nat'l Bank of Commerce v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir.1999). "Factual disputes that are irrelevant or unnecessary will not be counted," *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505, and a mere scintilla of evidence supporting the nonmovant's position will not fulfill the non-movant's burden, id. at 252, 106 S.Ct. 2505.

Uhiren v. Bristol-Myers Squibb Co., Inc., 346 F.3d 824, 827 (8th Cir. 2003).

Plaintiff is a licensed chiropractor who formerly practiced in Milbank, South Dakota. He also owned a substantial interest in Healthfirst Chiropractic of Watertown, LLC. In late 2005 plaintiff claims he began to experience electrical stimulation sensations from his neck into his shoulder. Because of his health and his concern about his ability to safely treat patients in light of the spasms he states he was experiencing, plaintiff ceased practicing chiropractic medicine. In August, 2007, plaintiff sold his practice. Some time in late 2007, he ceased treating patients.

Plaintiff applied for disability insurance benefits from Hartford on March 5, 2008. He was then 39 years old. On September 12, 2008, Hartford denied plaintiff's claim, contending that he was not disabled from practicing his profession.

Plaintiff's disability insurance policy with Hartford provides an offset for "all other income from any employer or for any work." Plaintiff had no income from any employer after November 1, 2007. In 2008, he did receive $143,268 from Healthfirst Chiropractic. Plaintiff originally reported the income as net earnings from self-employment on Schedule K - Partner's Distributive Share. Hartford claims that the income was from "any work" and must be offset against any monthly disability benefits they may have to pay if plaintiff can establish at trial that he was disabled in 2008. Plaintiff amended his 2008 tax return on April 7, 2010, to show the income as passive income due him as a limited partner with Healthfirst Chiropractic.

Plaintiff testified at his deposition that he opened the Watertown clinic in April 2006, as a financial backer of Dr. Mike Hendricks. Hendricks initially owned 10% in 2006. His

2

partnership share increased to 20% in 2007 and 30% in 2008. Plaintiff sold his remaining 70% interest to Hendricks in 2009. The purchase agreement included a non-compete agreement whereby plaintiff agreed not to provide chiropractic services in Codington County, South Dakota (home of the Watertown clinic) for five years. This is permitted by South Dakota law in connection with the sale of a business enterprise.

Plaintiff set forth in his statement of material facts as to which there is no genuine issue to be tried that plaintiff's only involvement in the Watertown clinic after early 2007 was "financial review as it pertained to monitoring and protecting his investment in the company." He avers that he was merely a silent partner and performed no work for the clinic in 2008.

Hartford, in its Rule 56.1(B) statement of facts contends that genuine issues of material fact exist as to whether, in 2008, plaintiff was a mere investor or instead provided financial and other consulting services which would constitute "any work." D.S.D. LR 56.1(B) requires an appropriate citation to the record as to any material fact claimed to be in dispute. Hartford has failed to do so. Hartford submitted several exhibits setting forth the financial services plaintiff performed prior to 2008 in other clinics in which he owned an interest. However, there is no reference in any materials provided to the Court which would constitute sufficient evidence to support a jury verdict in Hartford's favor on the issue of whether plaintiff performed any financial services or other consulting services for Healthfirst Chiropractic of Watertown in 2008. Accordingly, Hartford has failed to show the existence of a genuine issue of material facts as to work performed by plaintiff in 2008. Uhiren v. Bristol-Myers Squibb Co., *supra*.

## DECISION

"The proper construction of an insurance contract is an issue of law, and thus well suited for summary judgment." Kroeplin Farms General Partnership v. Heartland Crop Insurance, Inc., 430 F.3d 906, 909 (8th Cir. 2005). An insurer relying upon policy language to exclude or limit its liability to the insured "has the burden of proving the exclusion applies, and we must resolve any ambiguity in favor of the insured. O'Daniel v. NAU Country Ins. Co., 427 F.3d 1058, 1060 (8th Cir. 2005). "[W]here there is not ambiguity, we must resolve the insurance contract as it is written." *Id.*

> Under South Dakota law, we determine, de novo, whether the insurance policy terms are ambiguous, and look to "the policy as a whole and the plain meaning and effect of its words." *Nat'l Sun Indus., Inc. v. South Dakota Farm Bureau Ins. Co.*, 596 NW2d 45, 48 (S.D.1999) (*quoting Economic Aero Club v. Avemco Ins. Co.*, 540 NW2d 644, 645 (S.D.1995)). Ambiguity exists where the insurance policy language "is fairly susceptible to two constructions," and "will not be created merely by one party offering a different interpretation of the contract language." *Am. Family Mut. Ins. Group v. Kostaneski*, 688 NW2d 410, 413 (S.D.2004) (*quoting Nat'l Sun Indus., Inc. v. South Dakota Farm Bureau Ins.*, 596 NW2d 45, 48 (S.D.1999)).

O'Daniel v. NAU Country Ins., 427 F.3d at 1060.

The insurance policy at issue does not contain a definition of "work." Plaintiff contends the definition means only physical or mental exertion. Hartford contends that the term is broader and encompasses alleged conduct in visiting the clinic for the purpose of discussing and monitoring its financial performance, and providing regular training and consulting. Hartford put forth no evidence that plaintiff did perform these tasks in 2008. However, Hartford contends that a reasonable jury could infer that plaintiff did so in 2008 based upon evidence that plaintiff performed these services in 2006 and 2007. As set forth above, Hartford has not set forth any facts creating a genuine issue of material fact as to the services performed by plaintiff in 2008.

Whether plaintiff or more correctly his accountant construed his 70% of the partnership income as income from employment or investment income is immaterial. The question is not how that income is classified for taxation purposes but instead whether plaintiff received that income in exchange for "work" performed in 2008. Hartford has failed to show that there is a genuine issue of material fact whether plaintiff performed any "work" for the clinic in 2008.

Hartford asserts that summary judgment is not appropriate because, based upon plaintiff's past activities in connection with his clinics, "it is reasonable to infer" that he continued to engage in the same activities in 2008, which activities, Hartford contends, constitutes "work." In response to plaintiff's claim that Hartford failed to provide a citation to the record showing that any genuine issue of material fact exists, Hartford contends that it is relying upon "general allegations" that plaintiff performed work in 2008.

4

Plaintiff set forth facts, supported by affidavit or deposition testimony, showing that he did not "work" in 2008. Such a showing shifted the burden to Hartford to present affirmative evidence showing that a genuine issue of material fact exists as to whether plaintiff performed "work." Uhiren v. Bristol-Myers Squibb Co., Inc., *supra*. General allegations do not suffice to satisfy Hartford's burden. Evidence of plaintiff's activities at the clinic prior to 2008 would not be sufficient evidence to support a jury verdict in Hartford's favor. *See, Id.*

**ORDER**

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 52, for partial summary judgment is granted.

2. The stipulation, Doc. 92, for dismissal of State Farm is approved and granted. The caption shall be amended accordingly.

Dated this 16th day of July, 2010.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY Barbara J. Roepke
DEPUTY
(SEAL)